**Lamar HOLMES and Joe Robledo, Individually and d/b/a/ the Hair Crimpers, Appellants,**

v.

**EMPLOYERS CASUALTY COMPANY, Appellee.**

**No. 01-85-0428-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 17, 1985.

Rehearing Denied Nov. 7, 1985.

Clinard J. Hanby, Haynes & Fullenweider, Houston, for appellants.

Richard P. Colquitt, Fulbright & Jaworski, Houston, for appellee.

Before EVANS, C.J., and COHEN and LEVY, JJ.

OPINION

LEVY, Justice.

This is an appeal from a summary judgment rendered against the appellants, operators of a beauty salon and barber shop, who brought this action for declaratory judgment against their insurer. The issue on appeal is whether the appellee had a duty to defend the appellants in a personal injury suit filed against them by a customer. We hold that the appellee had no such duty and affirm.

The appellants were insured under an owners', landlords', and tenants' liability policy, which provided:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of ... bodily injury ... to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent.

The policy also contained an exclusion for malpractice and professional services:

> It is agreed that with respect to any operation described below or designated in the policy as subject to this endorsement, the insurance does not apply to bodily injury or property damage due to the rendering of or failure to render any cosmetic ... [or] tonsorial ... services or treatments.

An insurer is required to defend only those actions that fall within the insured's policy coverage. *Fidelity & Guaranty Insurance Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex.1982). The insurer may rely on the allegations of the petition, and if the plaintiff alleges facts that, prima facie, exclude the plaintiff from the liability coverage, the insurer has

no duty to defend. *Heyden Newport Chemical Corp. v. Southern General Insurance Co.,* 387 S.W.2d 22, 24–25 (Tex. 1965).

During the term of the policy, one of the beauty salon's customers filed a personal injury action against the appellants, claiming that an employee had dropped hair dye into her eye during a hair coloring treatment. The customer's petition alleged:

> On or about December 6, 1978, the Plaintiff was a business customer invitee at the Defendant HAIR CRIMPERS. *While the Plaintiff was being attended to by a female employee ... acting within the course and scope of her employment* with HAIR CRIMPERS, said unnamed female employee dropped hair dye or some other type solution into the Plaintiff's left eye causing painful and severe damage to the Plaintiff's left eye (Emphasis added).

Based on these allegations in the customer's petition, the appellee refused to defend the suit against the appellants, on the grounds that the cause of the bodily injury alleged was expressly excluded from the appellants' liability coverage. The appellants brought this action for declaratory relief to establish the appellee's duty to defend the personal injury suit.

The appellants contend that the language of the policy is ambiguous and that, therefore, it must be strictly construed against the insurer. *See Puckett v. U.S. Fire Insurance Co.,* 678 S.W.2d 936, 938 (Tex. 1984). They allege that the customer's injury was caused by accident and not "because of" the rendering of professional cosmetic or tonsorial services; therefore, they argue, the exclusion did not apply.

 The plain language of the insurance policy excluded coverage for injuries "due to the rendering of ... cosmetic ... [or] tonsorial treatments." The customer's petition did not allege that her injury was caused by an accident or occurrence unrelated to the treatment, but rather that the injury was the direct result of the employee dropping hair dye into her eye. The customer alleged that her eye was harmed by hair dye or some other type of solution while she was being attended to by the beauty shop employee. The injury was of a type easily foreseeable by the beautician. This case is distinguishable from those in which the harm is caused by a breach of a proprietor's duty to a patron/invitee, instead of by a failure to exercise a professional beautician's standard of care. *See, e.g., Beauty By Encore, Inc. v. Commercial Union Insurance Co.,* 92 A.D.2d 855, 459 N.Y.S.2d 848 (N.Y.App.Div.1983); *Lady Beautiful, Inc. v. Zurich Insurance Co.,* 16 Ohio Misc. 169, 240 N.E.2d 894 (Ct.C.P.1968).

The appellants contracted only for general liability coverage under a policy that specifically excluded liability for bodily injury due to the rendering of professional services or malpractice. In this case, the contract is unambiguous, and the injurious circumstances are clearly of the type contemplated by the exclusion. The appellants' two points of error are overruled.

The judgment of the trial court is affirmed.